UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

PULPERIAMIA, LLC d/b/a TIGRE,
    Defendant.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, PULPERIAMIA, LLC d/b/a TIGRE (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.    Plaintiff, AMIN LAKHANI, is currently a resident of the State of Washington, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

3.     Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

4.     Despite the physical limitations to which he is subjected as a result of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual.  Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15.  Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

5.     Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science.  Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

6.     Mr. Lakhani's stays frequently in close proximity to the subject premises—so close that it would be considered walking distance for able-bodied persons.

7.     Mr. Lakhani avers with all certainty that he will frequently return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

8.     Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public by this facility. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the subject property.

9. Mr. Lakhani has visited the Subject Premises, which forms the basis of this lawsuit and plans to return to avail him of the goods and services offered to the public at the property, and to determine whether the property has been remedied to be ADA compliant.

10. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the facility including, but not limited to, those set forth in the Complaint.

11. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

12. In this instance, Plaintiff, in his individual capacity, has visited the Subject Property, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

14. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on December 11, 2020, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be LLC in the future.

15. Defendant, PULPERIAMIA, LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

16. According to the Florida Department of Business and Professional Regulation, the Defendant, PULPERIAMIA, LLC, was licensed on December 11, 2020 to provide Permanent Food Service and Seating and occupies 620 NE 78th St, Miami, FL 33138 as a restaurant. Defendant, PULPERIAMIA, LLC, is also the owner of the fictitious name/is doing business as "TIGRE".

17. The Defendant' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

18. In this instance, Mr. Lakhani visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant' ADA violations set forth herein.

19. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

20. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

21. Mr. Lakhani has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Mr. Lakhani intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

23. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

24. Defendant has discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because

of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

    i.)    Table does not provide the required knee clearance. Table base encroaches over the required clear floor space contrary to 2010 ADA Code §902.2;

    ii.)    Seating area does not provide the required number of accessible tables accessible table provided contrary to 2010 ADA Code §226.1;

    iii.)    There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3;

    iv.)    Table does not provide the required knee clearance. Table base encroaches over the required clear floor space. is no lower portion of the counter provided contrary to 2010 ADA Code §902.2;

    v.)    Seating area does not provide the required number of accessible tables accessible table provided contrary to 2010 ADA Code §226.1;

    vi.)    Restroom does not provide signage contrary to 2010 ADA Code §703.4.1;

    vii.)    Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §4-4.2.7;

    viii.)    Toilet tissue dispenser is mounted on a self standing pole contrary to 2010 ADA Code §604.7;

    ix.)    Water closet has a 24" long side wall grab bar contrary to 2010 ADA Code §604.5.1;

    x.)    Water closet has a long rear wall grab bar contrary to 2010 ADA Code § 604.5.2;

    **xi.)**    Water closet is centered at 19" from side wall contrary to 2010 ADA Code §604.2;

    **xii.)**    Self is mounted 10.5" over the rear wall grab bar contrary to 2010 ADA Code §609.3;

    **xiii.)**    Self is mounted 10.75" over the side wall grab bar contrary to 2010 ADA Code §609.3;

    **xiv.)**    Lavatory mirror is mounted at 56" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

    **xv.)**    Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

    **xvi.)**    Lavatory does not provide the required knee clearance contrary to 2010 ADA Code §606.2.;

    **xvii.)**    Lavatory mirror is mounted at non-compliant height above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3; and

    **xviii.)**    Parking area does not provide an accessible parking spaces. The parking spaces do not comply with the minimum number required contrary to 2010 ADA Code §208.2;

**25.**  The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

26. Mr. Lakhani has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

27. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

28. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

29.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

30.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

31.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

32.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

                                                           <u>s/ Glenn R. Goldstein</u>
Glenn R. Goldstein, Esq. (FBN: 558730
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net